442 S.E.2d 724

**The COMMITTEE ON LEGAL ETHICS OF THE WEST VIRGINIA STATE BAR, Complainant,**

v.

**Leland T. SLOAN, an Active Member of the West Virginia State Bar, Respondent.**

**No. 21993.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 1994.

Decided March 28, 1994.

Teresa A. Tarr, Disciplinary Counsel, West Virginia State Bar, Charleston, for complainant.

Andrew S. Nason, Pepper & Nason, Charleston, for respondent.

PER CURIAM:

In this attorney disciplinary proceeding, the Committee on Legal Ethics of the West Virginia State Bar ("the Committee") recommends that this Court annul respondent Leland T. Sloan's license to practice law, due to his guilty plea of failure to pay over moneys collected by an attorney. We agree with the Committee's recommendation and, for the reasons stated below, order that Mr. Sloan's license to practice law in West Virginia be annulled.

On November 5, 1993, an information was filed in Kanawha County Circuit Court charging Mr. Sloan, an active member of the West Virginia State Bar, with one count of Failure to Pay Over Moneys Collected by an Attorney,[1] in violation of *W.Va.Code*, 30–2–13 [1923].[2] Mr. Sloan subsequently pled guilty

---

1. The information charged, in part, that LELAND SLOAN, a duly licensed and practicing attorney-at-law, while acting as such and on behalf of Citizens National Bank of St. Albans, his client, did unlawfully fail to pay over to his client, the Citizens National Bank of St. Albans, monies, funds and currency belonging to his client, the Citizens National Bank of St. Albans, and collected by him and on his client's behalf, which is believed to be approximately Six Thousand Five Hundred Dollars ($6,500.00), upon demand and within six (6) months of demand and without good and suffi-

cient reason therefore, against the peace and dignity of the State.

2. *W.Va.Code*, 30–2–13 [1923] states:

   If any attorney receive money for his client as such attorney and fail to pay the same on demand, or within six months after receipt thereof, without good and sufficient reason for such failure, it may be recovered from him by suit or motion; and damages in lieu of interest, not exceeding fifteen percent per annum until paid, may be awarded against him, and he shall be deemed guilty of a misdemeanor and

to the misdemeanor charge, for which he was fined $500.00. In addition, as part of this plea agreement, Mr. Sloan agreed not to contest any disbarment proceedings brought against him by the State Bar.

On November 12, 1993, the Committee recommended to this Court that Mr. Sloan's license to practice law in West Virginia be annulled, pursuant to article VI, sections 23 and 25 of the by-laws of the West Virginia State Bar. Article VI, section 23(b) of the bar by-laws provides that an attorney's license "shall be annulled and such attorney shall be disbarred" if he has been convicted "of receiving money for his client as his attorney and failing to pay the same on demand, or within six months after receipt thereof, without good and sufficient reason for such failure, as in the statute provided." Furthermore, this Court stated in syllabus point 1 of *Committee on Legal Ethics v. Folio*, 184 W.Va. 503, 401 S.E.2d 248 (1990):

> ' "Where there has been a final criminal conviction, proof on the record of such conviction satisfies the Committee on Legal Ethics' burden of proving an ethical violation arising from such conviction." Syllabus Point 2, *Committee on Legal Ethics v. Six*, [181] W.Va. [52], 380 S.E.2d 219 (1989).' Syl. Pt. 1, *Committee on Legal*

*Ethics v. Boettner, Jr.,* [183] W.Va. [136], 394 S.E.2d 735 (1990).

Moreover, article VI, section 25 of the bar by-laws states that a certified copy of the order or judgment of conviction is conclusive evidence of guilt and that a plea of guilty is a conviction within the meaning of that section.[3] The plea agreement Mr. Sloan entered into with the State, therefore, is proof of his conviction, satisfying the Committee's burden of proving an ethical violation.

As we noted earlier, Mr. Sloan does not contest the annulment of his license. However, he has requested that this Court allow him time to secure substitute representation for his clients and to serve in the capacity of a paralegal so as to facilitate the transfer of his cases to the substitute counsel.

Article VI, section 28 of the bar by-laws requires a disbarred attorney to advise his clients that, due to his disbarment, they should promptly seek substitute legal counsel. However, that section does not allow the disbarred attorney to secure substitute counsel for his clients. Accordingly, Mr. Sloan's request is denied.[4]

For the reasons stated above, we agree with the Committee's recommendation and order that Mr. Sloan's license to practice law

---

be fined not less than twenty nor more than five hundred dollars.

Furthermore, *W.Va.Code*, 30-2-14 [1923] provides that "[a]ny attorney convicted under the next preceding section [§ 30-2-13] shall, in addition to the punishment therein prescribed, be disbarred from practicing as an attorney in any of the courts of this state, and the same shall be entered by the court as part of its judgment."

3. Article VI, section 25 of the bar by-laws provides, in relevant part:

> In any proceeding to suspend or annul the license of any such attorney because of his conviction of any crime or crimes mentioned in sections twenty-three or twenty-four, a certified copy of the order or judgment of conviction shall be conclusive evidence of guilt of the crime or crimes of which the attorney has been convicted. A plea or verdict of guilty or a conviction after a plea of nolo contendere shall be deemed to be a conviction within the meaning of this section.

4. Article VI, section 28 of the bar by-laws provides, in relevant part:

(a) A disbarred or suspended attorney shall promptly notify by registered or certified mail, return receipt requested, all clients being represented in pending matters, other than litigated or administrative matters or proceedings pending in any court or agency, of his inability to act as an attorney after the effective date of his disbarment or suspension and shall advise said clients to seek legal advice elsewhere.

(b) A disbarred or suspended attorney shall promptly notify, by registered or certified mail, return receipt requested, each of his clients who is involved in litigated matters or administrative proceedings, and the attorney or attorneys for each adverse party in such matter or proceedings, of his inability to act as an attorney after the effective date of his disbarment or suspension. The notice to be given to the client shall advise the prompt substitution of another attorney or attorneys in his place.

In the event the client does not obtain substitute counsel before the effective date of the disbarment or suspension, it shall be the responsibility of the disbarred or suspended attorney to move pro se in the court or agency in which the proceeding is pending, for leave to withdraw.

in West Virginia be annulled. Such annulment is to be effective sixty days from the date of this opinion.[5]

License to Practice Annulled.

5. Article VI, section 35 of the bar by-laws allows an attorney whose license has been annulled to petition for reinstatement of his license to practice law after five years. *See In re Smith,* 166 W.Va. 22, 270 S.E.2d 768 (1980).